UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TOWN OF CLARKSVILLE, INDIANA for the use and benefit of the Clarksville Department of Redevelopment,<br><br>    PLAINTIFF,<br><br>v.<br><br>CLARKS LANDING ENTERPRISE INVESTMENTS LLC, COLGATE-PALMOLIVE COMPANY, and CLARK COUNTY TREASURER,<br><br>    DEFENDANTS. | CASE NO. 4:23-CV-00062 |

**NOTICE OF REMOVAL**

Defendant, Clarks Landing Enterprise Investments LLC ("Clarks Landing"), by counsel, hereby removes this action to the United States District Court for the Southern District of Indiana, New Albany Division. In support of this removal, Clarks Landing states as follows:

**I.    Background**

1.    Plaintiff, Town of Clarksville, Indiana, commenced this action on March 21, 2023, by filing its complaint for appropriation of real property in Superior Court No. 6 for Clark County, Indiana, styled as *Town of Clarksville, Indiana v. Clarks Landing Enterprise Investments LLC, Colgate-Palmolive Company, and Clark County Treasurer,* Cause No. 10D06-2303-PL-000029 ("State Court Action"). In accordance with 28 U.S.C. § 1446(a) and Local Rule 81-2, a complete copy of the

State Court Record is attached as <u>Exhibit A</u>, and an additional copy of the operative complaint is attached as <u>Exhibit B</u>.

2. Clarks Landing was served with a copy of the summons and Complaint on March 23, 2023.

3. The Complaint alleges the Town of Clarksville, Indiana, is entitled to exercise its powers of eminent domain to take from Clarks Landing approximately 45 acres of real property upon which several structures sit and to transfer ownership to another private entity. The Complaint further names Colgate-Palmolive Company as a defendant because it "may claim an interest in the Property and/or the Colgate Clock located thereon" and the Clark County Treasurer because he "may claim an interest in the Property by virtue of a … lien for the payment of real estate taxes assessed thereon."

4. This case is properly removed to this Court because this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1141. Namely, this is a civil action between citizens of different states such that complete diversity of citizenship exists, and the damages sought exceed the sum of $75,000, exclusive of interest and costs.

**II.   All statutory requirements for removal are met.**

5. Jurisdiction in this Court is proper because this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. More specifically, (a) there is complete diversity of citizenship between the plaintiff and properly joined defendants, and (b) the total amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, the presence of the Clark County Treasurer

as a defendant in the State Court Action should be ignored in determining jurisdiction because he is a nominal party, was fraudulently joined, and/or should be realigned as a plaintiff in this action.

### A. Complete diversity exists between plaintiff and defendants.

6. Plaintiff, the Town of Clarksville, Indiana, is a municipal corporation with its principal office located at 2000 Broadway, Clarksville, Clark County, Indiana, and is thus a citizen of Indiana. (Compl. ¶ 1.)

7. Defendant Clarks Landing is a limited liability company with two members, Dr. Jayesh Sheth and TCL Opportunity Fund, LP. TCL Opportunity Fund LP is a limited partnership consisting of two partners, Dr. Darshana Sheth and Dr. Jayesh Sheth. The citizenship of a limited liability company is the citizenship of each of its members. *E.g.*, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). The citizenship of a limited partnership is similarly the citizenship of each partner, general and limited. *E.g.*, *Guaranty Nat. Title Co., Inc. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996). Accordingly, the citizenship of Clarks Landing is the citizenship of Dr. Darshana Sheth and Dr. Jayesh Sheth.

8. A natural person is a citizen of the state in which he is domiciled, and an individual can have only one domicile at a time. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634–35 (7th Cir. 2021), *cert. denied* 142 S. Ct. 776 (2022). The Court determines domicile from "a totality of the circumstances, including residence, voting practices, location of personal and real property, bank accounts, place of employment, driver's license, automobile registration and payment of state taxes." *Transvision Techs. Holding, Inc. v. Knight*, No. 1:04-CV-2086 LJMTAB, 2005

WL 2246316, at *2 (S.D. Ind. Sept. 15, 2005) (citing 13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3612). Dr. Jayesh Sheth and Dr. Darshana Sheth are citizens of Georgia.[1]

9. Dr. Darshana Sheth moved to Georgia from Indiana around 2005. Her residential address since 2007 has been 3196 Robinson Road, Marietta, Georgia. Her Georgia home is owned by her and Dr. Jayesh Sheth and is the subject of a homestead exemption. Dr. Darshana Sheth is registered to vote in Georgia, votes in Georgia, has a Georgia driver's license, spends the vast majority of her time in Georgia, has children that reside and go to school in Georgia, banks in Georgia using her Georgia residential address, has her personal vehicle registered in Georgia, and is employed as a physician in Georgia.[2] (*See* Affidavit of Darshana Sheth, Ex. C.) Based upon the totality of the circumstances, Dr. Darshana Sheth is a citizen of Georgia. *See Knight*, 2005 WL 2246316, at *2 (listing certain factors to consider to determine domicile).

10. Dr. Jayesh Sheth similarly moved to Georgia from Indiana around 2005. His residential address since 2007 has been 3196 Robinson Road, Marietta, Georgia. This Georgia home is owned by him and Dr. Darshana Sheth and is the

---

[1] The facts regarding citizenship are provided as of the date the complaint was filed in accordance with applicable law. *See, e.g.*, *Brewer v. State Farm Mut. Auto. Ins. Co.*, 101 F.Supp.2d 737, 742 (S.D. Ind. 2000) (discussing requirement to indicate citizenship as of the time the subject complaint is filed).

[2] Dr. Darshana Sheth continues to own certain investment real property in Indiana located at 6823 Hwy 311, Sellersburg, Indiana, that she acquired during her residency in Indiana. She similarly pays taxes in both Indiana and Georgia. (*See* Affidavit of Darshana Sheth, Ex. C.) These factors do not somehow outweigh the factors listed above establishing that Dr. Darshana Sheth is a citizen of Georgia.

subject of a homestead exemption. Although Dr. Jayesh Sheth possessed an Indiana driver's license and was registered to vote in Indiana at the time the complaint was filed, he never actually voted in Indiana, and he now possesses a Georgia driver's license and is registered to vote in Georgia. More importantly, Dr. Jayesh Sheth spends the majority of his time residing in Georgia. His spouse resides in Georgia; he has children that reside and go to school in Georgia; he provides services as a physician in Georgia; his personal vehicles are registered in Georgia; he banks in Georgia, utilizing his Georgia address; and he pays both Georgia and Indiana income tax, with the tax statements being mailed to his Georgia residential address. He only spends, on average, 3 days a month in Indiana away from his Georgia home. When in Indiana, he stays at a hotel or at 322 W. Riverside Drive, Jeffersonville, Indiana, an investment property owned by Jay Sheth LLC.[3] (*See* Affidavit of Jayesh Sheth, Ex. D.) Based upon the totality of the circumstances, Dr. Jayesh Sheth is a citizen of Georgia. *See Knight*, 2005 WL 2246316, at *2 (listing certain factors to consider); *Veranda Assoc., L.P. v. Hooper*, No. H-11-4206, 2012 WL 602143 (S.D. Tex. Feb. 23, 2012) (citing 13E CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3612) (acknowledging general presumption that a married man's domicile is where his wife and family live); *Muscarello v. Ogle Cnty Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010) (finding that, on balance, the plaintiff sufficiently established her

---

[3] Dr. Jayesh Sheth also owns other investment and/or rental property in Indiana, including property on County Line Road and Highway 311 in Sellersburg. Those properties were acquired while he and his family resided in Indiana prior to 2005.

Arizona domicile despite lingering connections to Illinois, where she previously resided).

11. Because both Dr. Jayesh Sheth and Dr. Darshana Sheth are citizens of Georgia, Clarks Landing is a citizen of Georgia.

12. Defendant Colgate-Palmolive Company is a Delaware corporation with its principal place of business in New York. (Ex. E at ¶ 4.) A corporation is a citizen of any state in which it is incorporated or has its principal place of business. *E.g.*, *Perez v. K & B Transp., Inc.*, 967 F.3d 651, 654 (7th Cir. 2020). Accordingly, Colgate-Palmolive is a citizen of Delaware and New York.

13. Plaintiff has also named the Clark County Treasurer (hereafter "Treasurer") as a defendant in the State Court Action. However, the Treasurer is not a real party in interest and is a purely formal or nominal party. Consequently, the presence of the Treasurer should be ignored in determining jurisdiction.

14. The Treasurer is a nominal party because he has no real interest in the result of the suit. The only allegation against the Treasurer is that he "may claim an interest in the Property by virtue of a first, prior, and existing lien for the payment of real estate taxes assessed thereon." (Compl. ¶ 22.) There is no allegation that the Treasurer actually has an interest in the outcome of this lawsuit or that there are any taxes overdue and payable. All taxes actually due and payable on the Property have been paid. Consequently, the Treasurer is merely a nominal defendant whose presence in this case should be ignored for purposes of determining jurisdiction. *See S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)

(stating that a nominal defendant is one who "has no interest in the subject matter litigated and that his relation to the suit is merely incidental and it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s]"); *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) (holding that nominal parties "can be disregarded for diversity jurisdiction").

15. The Treasurer's citizenship also should not be considered in determining whether diversity jurisdiction exists because Plaintiff has not stated a claim against, and cannot recover from, the Treasurer. There are no taxes due and payable on the Property. As a result, the Treasurer was fraudulently joined, as that term is utilized for the purpose of diversity, and his citizenship should not be considered in determining jurisdiction. *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310 (7th Cir. 1994) ("Fraudulent joinder occurs … when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court …."); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) ("[T]he fraudulent joinder doctrine [is] an 'exception' to the requirement of complete diversity.")

16. Even if the Treasurer is not a nominal party or fraudulently joined, diversity jurisdiction still exists in this matter because the parties should be realigned such that the Treasurer is considered a plaintiff rather than a defendant in this action. The Court should look behind the pleadings and arrange the parties according to their sides of the dispute. *Indianapolis v. Chase Nat. Bank*, 314 U.S. 63, 69 (1941); *Visteon Corp. v. Nat'l Union Fir Ins. Co. of Pittsburgh*, No. 1:11-cv-

0200, 2011 WL 6046272 (S.D. Ind. 2011) (discussing the courts' ability to realign parties for purposes of the jurisdictional analysis). Plaintiff has not asserted any claims against the Treasurer and seeks no relief from the Treasurer. *See Mahon v. Guaranty Trust & Safe Deposit Co.*, 239 F. 266, 269 (7th Cir. 1917) ("One of the tests by which the court may determine whether a defendant should be aligned with the plaintiff is the prayer for relief. If no relief is sought against a defendant, such defendant should ordinarily be treated as a plaintiff.") (citing *Dawson v. Columbia Avenue Trust Co.,* 197 U.S. 178, 180 (1905)). If the Treasurer did have any interest in this lawsuit, its interest would be adverse to Defendant Clarks Landing, and, as such, the Treasurer should be considered a plaintiff for purposes of this lawsuit.

17. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Colgate-Palmolive Company consents to this removal, and its signed, written consent is attached as <u>Exhibit E</u>. Defendant Clarks Landing need not gain the consent of the remaining defendant, the Treasurer, in this removal because the Treasurer is a nominal party, has been fraudulently joined, and/or should be considered a plaintiff rather than defendant. *See, e.g.*, *Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981) ("[C]onsent of nominal or formal parties is not necessary."); *Visteon Corp.*, 2011 WL 6046272 at *1 ("[N]ominal or fraudulently joined defendants need not consent" and "realign[ment] as a plaintiff, eliminate[es] the need for his consent").

18. In sum, because the Treasurer's citizenship need not be considered for the reasons set forth above, there is complete diversity of citizenship between the parties, and no proper defendant is a resident of the forum state.

**B.     The amount in controversy exceeds $75,000, exclusive of interest and costs.**

19.    With regard to the jurisdictional amount, the amount in controversy well exceeds $75,000. Plaintiff submitted an offer to Defendant Clarks Landing to purchase the subject Property that it now wishes to condemn for $6,000,000.00. (Offer, Exhibit F.) Clarks Landing contends the value of the property well exceeds this amount. Thus, the amount in controversy exceeds $75,000 to a reasonable certainty.

**C.     Removal is timely.**

20.    This Notice of Removal is filed within 30 days of receipt of Plaintiff's initial pleading (the summons and Complaint) setting forth the claims for appropriation of the real property and within one year of the commencement of the action. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446.

**D.     This action is properly removed to the United States District Court for the Southern District of Indiana.**

21.    Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Indiana, New Albany Division embraces causes of action removed from the Superior Court of Clark County, Indiana.  See 28 U.S.C. § 94(b)(4).

**E.     All remaining procedural and statutory requirements for removal have been met.**

22.    Prompt written notice of the filing of this Notice of Removal will be given to all parties, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Clark County, Indiana, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Clarks Landing Enterprise Investments LLC requests that this action be removed from the Superior Court of Clark County, Indiana, to the U.S. District Court for the Southern District of Indiana, New Albany Division.

*Chelsea R. Stanley*
Chelsea R. Stanley, Bar No. 32770-22
STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:  (812) 282-7566
Email:  cstanley@stites.com

T. Morgan Ward, Jr. (to be admitted)
Carolyn P. Michener, Bar No. 36060-22
STITES & HARBISON PLLC
400 West Market St., Suite 1800
Louisville, KY  40202
Telephone:  (502) 587-3400
Email:  cmichener@stites.com
    mward@stites.com

Justin E. Endres, Bar No. 28205-22
YOUNG, LIND, ENDRES & KRAFT
126 W. Spring Street
New Albany, IN  47150
Telephone:  (812) 945-2555
Email:  jendres@ylek.com

COUNSEL FOR DEFENDANT,
CLARKS LANDING ENTERPRISE
INVESTMENTS LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I further certify that a copy of the foregoing document was served by U.S. Mail, postage pre-paid, and via e-mail, upon the following:

C. Gregory Fifer
P.O. Box 1431
Jeffersonville, IN  47131-1431
Fiferlaw@outlook.com

Yasmin L. Stump
YASMIN L. STUMP LAW GROUP, PC
Pennwood Office Park II, Suite 101
11495 North Pennsylvania Street
Carmel, IN 46032
yasmin@yasminstumplaw.com

Colgate-Palmolive Company
c/o Megan P. Keane
GORDON REES SCULLY MANSUKHANI
325 W. Main Street
Waterfront Plaza Suite 2300
Louisville, KY  40202
mkeane@grsm.com

Clark County Treasurer
c/o R. Scott Lewis, Clark County Attorney
Clark County Government Building
300 Corporate Avenue, Suite 205
Jeffersonville, IN  47130
slewis@clarkcounty.in.gov

                                               *Chelsea R. Stanley*
                                               Chelsea R. Stanley

217078:4