UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TOWN OF CLARKSVILLE, INDIANA, for the use and benefit of the Clarksville Department of Redevelopment,<br><br>Plaintiff,<br><br>v.<br><br>CLARKS LANDING ENTERPRISE INVESTMENTS LLC,<br>COLGATE-PALMOLIVE COMPANY,<br>CLARK COUNTY TREASURER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:23-cv-00062-TWP-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

This matter is before the Court on a Motion for Remand filed by Plaintiff Town of Clarksville, Indiana, for the use and benefit of the Clarksville Department of Redevelopment (("Clarksville") (Filing No. 18). Clarksville, pursuant to Indiana Code § 32-24-4.5-1(b), initiated this eminent domain action in state court[1] seeking to obtain real property owned by the Defendants Clarks Landing Enterprise Investments LLC ("Clarks Landing") and Colgate-Palmolive Company ("Colgate-Palmolive") (collectively, the "Defendants") (Filing No. 1-2). Clarksville also named the Clark County Treasurer ("Treasurer") as a defendant pursuant to Ind. Code § 32-24-1-4 (b).[2] *Id*. Defendants removed this action asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332

---

[1] *See* Cause No.10D06-2303-PL-000029 and styled *Town of Clarksville, Indiana v. Clarks Landing Enterprise Investments LLC, Colgate-Palmolive Company, and Clark County Treasurer.*

[2] Indiana Code § 32-24-1-4 (b) states in pertinent part that the complaint must state the following:
    (1) The name of the person seeking to acquire the property. This person shall be named as the plaintiff.
    (2) The names of all owners, claimants to, and *holders of liens* on the property, if known, or a statement that they are unknown. These owners, claimants, and *holders of liens* shall be named as defendants.
    (Emphasis added.)
*See* Ind. Code. § 32-24-1-4 (b).

and 1141. *Id*. Clarksville contends that diversity jurisdiction does not exist because they and the Treasurer are both citizens of Indiana (Filing No. 18). Defendants argue, among other things, that the Treasurer is a nominal party to this suit and, as such, the Court should disregard the Treasurer's purported citizenship for purposes of this Motion (Filing No. 28). For the reasons set forth below, Clarksville's Motion is **denied**.

## I.    PROCEDURAL & FACTUAL BACKGROUND

On March 21, 2023, Clarksville initiated this condemnation action and named the above parties, including the Treasurer, as defendants (Filing No. 1-2). In Clarksville's Complaint, it seeks to acquire the subject real estate to mitigate the current public nuisance, building code violations for dilapidated, unsanitary, unsafe structures, fire hazards and preservation of the historic character of the subject real estate by transferring ownership or control to another private person for a use that is not public pursuant to the provisions of IC § 32-24-4.5-1(b). (Filing No. 18 at 1-2 ). On April 21, 2023, Clarks Landing, with Colgate-Palmolive's consent, filed a 'Notice of Removal' asserting diversity jurisdiction (Filing No. 1-2; Filing No. 6). "Clarks Landing Enterprise Investments LLC is a limited liability company with two members, Dr. Jayesh Sheth and TCL Opportunity Fund, LP. TCL Opportunity Fund LP is a limited partnership consisting of two partners, Dr. Darshana Sheth and Dr. Jayesh Sheth." (Filing No. 3 at 1.) Both "Dr. Jayesh Sheth and Dr. Darshana Sheth are citizens of Georgia." (Filing No. 1 at 4). Defendants assert that,

> Dr. Darshana Sheth moved to Georgia from Indiana around 2005. Her residential address since 2007 has been 3196 Robinson Road, Marietta, Georgia. Her Georgia home is owned by her and Dr. Jayesh Sheth and is the subject of a homestead exemption. Dr. Darshana Sheth is registered to vote in Georgia, votes in Georgia, has a Georgia driver's license, spends the vast majority of her time in Georgia, has children that reside and go to school in Georgia, banks in Georgia using her Georgia residential address, has her personal vehicle registered in Georgia, and is employed as a physician in Georgia.

(Filing No. 1 at 4; Filing No. 1-4.) The Defendants further assert that,

2

> Dr. Jayesh Sheth similarly moved to Georgia from Indiana around 2005. His residential address since 2007 has been 3196 Robinson Road, Marietta, Georgia. This Georgia home is owned by him and Dr. Darshana Sheth and is the subject of a homestead exemption. Although Dr. Jayesh Sheth possessed an Indiana driver's license and was registered to vote in Indiana at the time the complaint was filed, he never actually voted in Indiana, and he now possesses a Georgia driver's license and is registered to vote in Georgia. More importantly, Dr. Jayesh Sheth spends the majority of his time residing in Georgia. His spouse resides in Georgia; he has children that reside and go to school in Georgia; he provides services as a physician in Georgia; his personal vehicles are registered in Georgia; he banks in Georgia, utilizing his Georgia address; and he pays both Georgia and Indiana income tax, with the tax statements being mailed to his Georgia residential address. He only spends, on average, 3 days a month in Indiana away from his Georgia home. When in Indiana, he stays at a hotel or at 322 W. Riverside Drive, Jeffersonville, Indiana, an investment property owned by Jay Sheth LLC.

(Filing No. 1 at 4-5; Filing No. 1-5.)

Clarksville also names "Colgate-Palmolive Company as a defendant because it 'may claim an interest in the Property and/or the Colgate Clock located thereon'" (Filing No. 1 at 2.) Colgate-Palmolive is a publicly held corporation "incorporated in the State of Delaware and its principal place of business is in the state of New York." (Filing No. 13 at 1.) Lastly, Clarksville names the Treasurer as a defendant because,

> [I]n Indiana, property taxes are assessed in one year and due and payable the year after they are assessed, and the county where the property is situated has a lien on the property for the property taxes, which will become due in the subsequent year. As such, in this case, Defendant Treasurer has a lien on the subject real estate and is a proper party due to its property tax lien on the subject real estate existing at the time Clarksville's Complaint was filed.

(Filing No. 18 at 4-5.)

On March 23, 2023, the Treasurer was "served with copies of the Complaint and Summons and Notice of Appropriation of Real Estate by certified mail." *Id*. at 2.[3] On May 19, 2023, Clarksville filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), arguing that this court lacks

---

[3] The Treasurer's attorney has filed a notice of appearance in this case (Filing No. 34).

3

subject matter jurisdiction due to lack of diversity (Filing No. 18). Clarks Landing filed a Response in Opposition to the Motion for Remand and Clarksville filed a Reply (Filing No. 28; Filing No. 36).

## I. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court where the district court has original jurisdiction. District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000,[4] exclusive of interests or costs, and is between "citizens of a State and citizens or subjects of a foreign State." 28 U.S.C. § 1332(a)(2). Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 829 (1989). For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (*per curium*). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). The Seventh Circuit has held that the citizenship of a limited Liability Corporation ("LLC") does not turn on where it is organized and where it has its principal place of business, but instead, the citizenship of each of its members. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *See Qin v. Deslongchamps*, 31 F.4th 576, 579 (7th Cir. 2022) ("So, in contrast to a corporation, which is a citizen of its state of incorporation and the state where it maintains its principal place of business (two states at most), an LLC can be a citizen of many states."). The party seeking to invoke federal jurisdiction, not the party moving to remand, bears the burden of demonstrating jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). More specifically, the proponent of federal jurisdiction must prove those jurisdictional facts by a

---

[4] The Town does not dispute that the Complaint adequately alleges the jurisdictional minimum amount (Filing No. 18; Filing No. 36).

4

preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

## II. DISCUSSION

Defendants contend the Court has diversity jurisdiction over Clarksville's condemnation action pursuant to 28 U.S.C. § 1332. They argue that there is complete diversity because the Treasurer is a nominal party, has been fraudulently joined, and/or should be considered a plaintiff rather than a defendant. Clarksville contends that the Treasurer is not a nominal party, is a citizen of Indiana and, as such, complete diversity does not exist. Alternatively, at the time of the Complaint, Drs. Jayesh Sheth and Darshana Sheth were citizens of Indiana. Having considered the arguments of the parties, the Court concludes that the case was properly removed, and the Motion for Remand is without merit.

### A. Indiana's Condemnation Statute

Indiana Code § 32–24–1 sets forth Indiana's general eminent domain procedure, and that procedure is "initiated by a would-be condemnor filing a complaint in the trial court." *Util. Ctr., Inc. v. City of Fort Wayne*, 985 N.E.2d 731, 733 (Ind. 2013) (citing Ind. Code § 32–24–1–4(a)). As previously explained, Indiana Code § 32–24–1–4(b) provides in relevant part that the complaint filed by the condemnor must state the following:

> (1) The name of the person seeking to acquire the property. This person shall be named as the plaintiff.
>
> (2) The names of all owners, claimants to, and holders of liens on the property, if known, or a statement that they are unknown. These owners, claimants, and *holders of liens* shall be named as defendants.

*See* Ind. Code. § 32-24-1-4 (b) (emphasis added).

5

"The purpose of joining interested parties in a condemnation proceeding is to protect the rights of those parties, not to shield defendants from potential liability." *Snyder v. Town of Yorktown*, 20 N.E.3d 545 555 (Ind. Ct. App. 2014).

### B. The Treasurer is a Nominal Defendant

The Defendants argue the Court should not consider the Treasurer's citizenship status for purposes of jurisdiction because the Treasurer is a nominal party (Filing No. 28). The Court agrees. A nominal party is "the holder of the 'stakes' of the litigation but without any real interest in the outcome." *Golin v. Neptune Mgmt. Corp.*, 704 F. App'x 591, 594 (7th Cir. 2017); *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987). In assessing whether a party is nominal, the court must assess whether the party's "relation to the suit is merely incidental and ... of no moment to him whether the one or the other side in the controversy succeeds." *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2011 WL 6046272, at *2 (S.D. Ind. Oct. 13, 2011), *report and recommendation adopted*, 2011 WL 6043008 (S.D. Ind. Dec. 5, 2011). "[T]he citizenship of such [nominal] defendants may be disregarded for diversity jurisdiction." *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018); *Golin*, 704 Fed. Appx. at 594 ("It is true that a purely nominal party does not affect diversity jurisdiction."). If, therefore, the Treasurer is a nominal party to this suit, its citizenship is immaterial.

Clarksville asserts that because the Treasurer has a tax lien on the subject real estate, the Treasurer was properly named as a defendant in this matter (Filing No. 18; Filing No. 36). While the Treasurer has a stake in this case—the right to collect the assessed property taxes—its role in this case is merely incidental. It does not matter to the Treasurer who wins this condemnation action, because nothing is preventing the Treasurer from petitioning the court to award it the assessed taxes out of any condemnation award made to Defendants. *See e.g. City of Evansville on*

*Behalf of Dept. of Redevelopment v. Reising*, 547 N.E.2d 1106, at fn. 1 (Ind. Ct. App. 1989) (nothing that "[t]he City joined the Auditor of Vanderburgh County and the Treasurer of Vanderburgh County as defendants because they had real estate tax liens against Reising's property. After the Auditor and Treasurer filed an answer, praying the trial court to recognize and order payment of the taxes out of any condemnation award made to Reising, they did not participate further in the proceedings in the trial court or in the present appeal."). The Court is persuaded that the Treasurer's rights are sufficiently safeguarded and that the Treasurer's presence in this suit is merely incidental or nominal. Therefore, the Treasurer's citizenship status is immaterial to the jurisdictional question.

C.  **Clarks Landing's Citizenship**

Clarksville contends that Clarks Landing is a citizen of Indiana, by way of its members, and, as such, diversity jurisdiction is defeated (Filing No. 18; Filing No. 36).

A limited liability company "is the citizen of the states where its owning members are citizens." *Big Shoulders Cap. LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 565 (7th Cir. 2021) (citing *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020)). To carry its burden, removing defendant must allege the citizenship of each member of every LLC and, if necessary, the citizenship of the members' members. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347–48 (7th Cir. 2006).

Defendants point out that Clarks Landing is an LLC with two members, Dr. Jayesh Sheth and TCL Opportunity Fund, LP. (Filing No. 3 at 1.) TCL is a limited partnership consisting of two partners, Dr. Darshana Sheth and Dr. Jayesh Sheth. *Id*. Clarksville argues that Clarks Landing is a citizen of Indiana because Drs. Jayesh and Darshana Sheth have substantial ties to Indiana (Filing No. 18; Filing No. 36). Specifically, "Jayesh Sheth owns at least 10 properties in Indiana,

7

operates more than 30 businesses registered in Indiana, including a medical practice, pays taxes in Indiana, and at the time that Clarksville's Complaint was filed, had both an Indiana driver's license and was registered to vote in Indiana." (Filing No. 36 at 12.) However, as outlined in both Drs. Jayesh and Darshana Sheth's affidavits, they have lived in Georgia with their children since 2005, they pay taxes in both Indiana and Georgia, and have valid Georgia driver's licenses (Filing No. 1-4; Filing No. 1-5). Dr. Jayesh Sheth contends that,

> (c) M[e] and my wife's three children reside with us in Georgia. Our oldest child is 23 and attends medical school in Augusta, Georgia. Our middle child is 19 and lives in Georgia when she is not in college in Michigan. Our youngest child is 9 years old and attends elementary school in Georgia.

(Filing No. 1-5 at 3.)

Dr. Jayesh Sheth travels to Indiana solely for business, "….(b) In reviewing my last three years of travel history to Indiana, I have spent less than 30 nights in Indiana each year. When in Indiana, I stay at a hotel or at 322 W. Riverside Drive, Jefferson, Indiana, an investment property owned by Jay Sheth LLC." *Id*.

While Drs. Jayesh and Darshana Sheth conduct substantial business in Indiana, that alone is not sufficient to find that their domiciliary is Indiana. Both Drs. Jayesh and Darshana Sheth are licensed to practice medicine, and do practice medicine, in Georgia, they have Georgia bank accounts, and their personal vehicles are registered in Georgia. *Id*. Notwithstanding that Dr. Jayesh Sheth has multiple rental properties in Indiana, where he also has a valid driver's license and is licensed to practice medicine, both him and his wife's domicile is Georgia as the evidence shows that they have lived and intend to remain living for the foreseeable future. Considering the totality of the circumstances, the Court is satisfied that Drs. Jayesh and Darshana Sheth have demonstrated by a preponderance of the evidence that their domicile is Georgia, and, in turn, Clarks Landing is a citizen of Georgia (Filing No. 1-4; Filing No. 1-5).

Therefore, the Court concludes that diversity jurisdiction exists because Drs. Jayesh and Darshana Sheth are citizens of Georgia, Colgate-Palmolive is "incorporated in the State of Delaware and its principal place of business is in the state of New York," and Clarksville is a citizen of Indiana.

### D. The *In rem* Nature of Condemnation Proceedings

Lastly, Clarksville implicitly asks this Court to amend § 1332 by arguing that "[t]he in rem nature of these proceedings negates federal jurisdiction." (Filing No. 18 at 9.) However, this Court lacks authority to do so.

An action to condemn land is a civil action within the meaning of § 1332 and may be brought in the federal court of the district in which the land lies. *Boom Co. v. Patterson*, 98 U.S. 403, 25 L.Ed. 206 (1878). To hold otherwise would have the effect of amending § 1332 by inserting the caveat that district courts shall have original jurisdiction of all civil suits "except those involving the exercise of the power of eminent domain." *See Chicago, Rock Island & Pac. Ry. Co. v. Ten Parcels of Real Estate Located in Madison County, Iowa*, 159 F.Supp. 143 (S.D. Iowa 1958); *see also County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 195 (1959) ("Although holding that the respondent could not remove a state condemnation case to the Federal District Court on diversity grounds because he was the plaintiff in the state proceeding, the Court clearly recognized that the defendant in such a proceeding could remove in accordance with §1441 and obtain a federal adjudication of the issues involved.") Therefore, Clarksville's *in rem* argument is meritless, and the Court is not barred from exercising jurisdiction over this condemnation action.

### III.   CONCLUSION

For the reasons stated above, the Court **DENIES** Clarksville's Motion for Remand (Filing No. 18).

**SO ORDERED.**

Date: 7/6/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Justin E. Endres
YOUNG LIND ENDRES & KRAFT
jendres@ylek.com

Charles Gregory Fifer
APPLEGATE FIFER PULLIAM LLC
gfifer@afpfirm.com

Christopher A. Ferguson
YASMIN L. SUMP LAW GROUP, PC
chris@yasminstumplaw.com

Yasmin L. Stump
YASMIN L. STUMP LAW GROUP, PC
yasmin@yasminstumplaw.com

Carolyn Purcell Michener
STITES & HARBISON
cmichener@stites.com

Chelsea R. Stanley
STITES & HARBISON, PLLC (Jeffersonville)
cstanley@stites.com

Justin E. Endres
YOUNG LIND ENDRES & KRAFT
jendres@ylek.com

Thomas Morgan Ward, Jr.
STITES & HARBISON
mward@stites.com

Megan Patricia Keane
GORDON REES SCULLY MANSUKHANI LLP - LOU
mkeane@grsm.com

Ronald Scott Lewis

CLARK COUNTY GOVERNMENT
slewis@clarkcounty.in.gov