UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TOWN OF CLARKSVILLE, INDIANA for the use and benefit of the Clarksville Department of Redevelopment,<br><br>      Plaintiff,<br><br>      v.<br><br>CLARKS LANDING ENTERPRISE INVESTMENTS LLC, COLGATE-PALMOLIVE COMPANY, and CLARK COUNTY TREASURER,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:23-cv-00062-TWP-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFF'S MOTIONS
TO STRIKE OBJECTIONS TO COMPLAINT**

This matter is before the Court on Plaintiff Town of Clarksville, Indiana's ("the Town") Motion to Strike Defendants Clarks Landing's Objections (Filing No. 46) and Motion to Strike Defendant Colgate-Palmolive Company ("Colgate-Palmolive") Objections. (Filing No. 48). The Town, pursuant to Ind. Code § 32-24-4.5-1(b), initiated this eminent domain action in state court seeking to obtain real property owned by the Defendants Clarks Landing Enterprise Investments LLC ("Clarks Landing") and Colgate-Palmolive (collectively the Defendants). Defendants successfully removed the action by asserting diversity jurisdiction. Colgate-Palmolive has been dismissed from the action (*see* Filing No. 74), so the Court **denies as moot** the Town's Motion to Strike Defendant Colgate-Palmolive's Objections (Filing No. 48). The Town asks this Court to strike certain objections contained within Clarks Landing answers to its complaint (Filing No. 20). For the reasons set forth below, the Court **denies** the Town's Motion to Strike Defendant Clarks Landing's Objections (Filing No. 46).

## I.     BACKGROUND

On March 21, 2023, the Town initiated this condemnation action in state court, seeking to exercise the power of eminent domain to acquire the subject parcels of real property with the intent of ultimately transferring its ownership or control to another private person for private use[1] (*see* Filing No. 1-3 at 2, 4). In its Complaint, the Town alleged that structures on the parcels "constitute[d] a public nuisance" pursuant to Ind. Code § 32-24-4.5-7(1)(A)(i) and, specifically, that they were:

- "unfit for human habitation or use because the structures are dilapidated, unsanitary, unsafe, or do not contain the facilities or equipment required by applicable building codes or housing codes" pursuant to Ind. Code § 32-24-4.5-7(1)(B)(i), (ii), (iii), and (v), *id.* at 3–4,
- "a fire hazard or otherwise dangerous to the safety of persons or property" pursuant to Ind. Code § 32-24-4.5-7(1)(C)(i), (ii), *id.* at 4, and,
- "not fit for its intended use because the utilities, sewerage, plumbing, hearing, or other similar services or facilities have been disconnected, destroyed, removed, or rendered ineffective" pursuant to Ind. Code § 32-24-4.5-7(1)(D)(i)–(v). *Id.*

The Town further alleged that Clarks Landing "failed to implement any significant measures aimed at protecting and/or preserving the historically significant structures" located on the property. *Id.*

On April 21, 2023, Clarks Landing filed a Notice of Removal to federal court, asserting diversity jurisdiction (Filing No. 1). The Town responded by filing a Motion to Remand (Filing No. 18), which the Court denied (Filing No. 44). On May 22, 2023, Clarks Landing filed an Answer and Objections to the Town's Complaint, denying or responding to the allegations and pleading ten separate "objections" (Filing No. 20). Clarks Landing provided background for its objections and plead facts detailing its "extensive discussions" with the Town regarding a multimillion-dollar development of the property (Filing No. 20 at 4- 7). In summary, Clarks Landing contends that the Town does not have the legal authority to take its private property and then turn it over to another

---

[1] As this is Clarksville's stated goal, Ind. Code §§ 32-24-4.5-1 to -11 applies. *See* Ind. Code § 32-24-4.5-1(b).

private developer. The Town of Clarksville attempts to do so through use of I.C. § 32-24- 4.5-7, which allows such a taking under very limited circumstances, including a finding that the subject property is "blighted." Clarks Landing contends however, that its property is not blighted. Clarks Landing contends that "extensive discussions have been had with the Town regarding the development of the Property, and significant steps have been taken toward realizing the development plan. At no time during this process did the Town instead suggest that the Property was blighted and would instead be the subject of a taking." *Id*. at 7.

Clarks Landing presented several Objections in its Answer, in support of its argument that the complaint should be dismissed because "it fails to sufficiently allege facts supporting its appropriation of the Property" and failed to afford proper notice of the Town's claims. *Id.* at 7–9. Clarks Landing also argued that dismissal was warranted because the Town did not present a reasonable offer to purchase the property or negotiate the purchase in good faith, which was further evidenced by its failure to include relocation costs as required by statute and its deduction of demolition costs which significantly decreased the offer. *Id.* at 9–10.

The Town argues the objections contained in paragraph 19, 20, 21 and 22 of the Answer are insufficient as matter of law and should be stricken by the Court.

## II.  LEGAL STANDARD

Rule 12(f) permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The district court has considerable discretion in striking any redundant, immaterial, impertinent, or scandalous matter, and its decision on a motion to strike should not be arbitrary or unreasonable. *See Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). In general, "motions to strike are disfavored . . . and are typically granted only when there will be true prejudice." *Bonzani v. Goshen Health Sys.*, 459 F. Supp. 3d 1139, 1156 (N.D. Ind. 2020) (internal citation omitted) (citing

3

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992)).  This is "because [they] potentially serve only to delay"; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay."  *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir.1975)).

In the context of striking affirmative defenses, the Seventh Circuit stated in *416.81 Acres*:

> The duty of this Court is to determine whether such defenses as presented do indeed present substantial questions of law or fact which may not be stricken.  If any such substantial defenses exist, the motion cannot be granted; neither will it be granted if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings.  The purpose of such narrow standards is ". . . to provide a party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits."

514 F.2d at 631 (quoting *United States v. 187.40 Acres of Land*, 381 F.Supp. 54, 56 (M.D. Pa. 1974)); *see also Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

As noted recently in a sister court, to determine whether an affirmative defense is sufficient under Rule 12(f), courts in this Circuit have considered three issues: "(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge."  *Stitsworth v. Forest River, Inc.*, No. 3:23-cv-179, 2023 WL 8468735, at *1 (N.D. Ind. Dec. 6, 2023) (quoting *Do It Best Corp. v. Heinen Hardware, LLC*, No. 1:13-cv-69, 2013 WL 3421924, at *2 (N.D. Ind. July 8, 2013)) (citing *Cincinnati Ins. Co. v. Kreager Bros. Excavating*, No. 2:12-cv-470, 2013 WL 3147371, at *1 (N.D. Ind. June 18, 2013)).  "If an affirmative defense fails to meet any consideration, it may be stricken."  *Id.* (citing *Do It Best Corp.*, 2013 WL 3421924, at *2).  In a diversity case, the legal and factual sufficiency of an affirmative defense is examined

with reference to state law. *Jader Fuel Co.*, 944 F.2d at 1400 (citing *Farmers & Merchs. State Bank v. Norfolk & Western Ry.*, 673 F.Supp. 946, 947 (N.D. Ind. 1987)).

### III.     DISCUSSION

As an initial matter, the Court notes that the Town's motion to strike is untimely as it was filed outside of Rule 12(f)'s contemplated twenty-one (21) day window. See FED. R. CIV. P. 12(f) ("The court may act . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.") (emphasis added), see *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399–1400 (7th Cir. 1991) (citing a previous version of Rule 12(f)(1)), Notwithstanding the untimeliness, on the merits, the Motion to strike would be denied. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399–1400 (7th Cir. 1991) (citing a previous version of Rule 12(f)(1)). Accordingly, the Court analyzes below on the merits, whether the four challenged objections, as pled, satisfy federal pleading standards.

#### A. Legal Principles

In applying the guidance articulated in *Stitsworth* to this diversity action involving a state law claim, the Court considers whether each of the four challenges—titled as Objections— to the Town's complaint is "properly pled as an affirmative defense" under Indiana law, complies with Federal Rules of Civil Procedure 8 and 9, and can "withstand a Rule 12(b)(6) challenge." *Stitsworth* at *1.  In other words, the defense must be stricken as legally inadequate if, under Indiana substantive law, Clarks Landing could prove no set of facts in support of the affirmative defense that would defeat the complaint. *See, e.g.*, *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1064 (N.D. Ill. 2013) (applying Illinois law to affirmative defense of unclean hands), *aff'd*, 791 F.3d 729 (7th Cir. 2015); *see also Phila. Reg'l Port Auth. v. Approximately 1.22 Acres of Land*, No. Civ. A. 04-5930, 2008 WL 1018324, at *14 n.9 (E.D. Pa. Apr. 9, 2008) (quoting 12 Wright, Miller & Cooper, Federal Practice and Procedure § 3055 (3d ed. 1998)) ("In general, then, when

condemnation proceedings are had in federal court that involve the exercise of the power of eminent domain under the law of a state, the procedural provisions of [the Federal Rules] apply but the substantive law is that of the state.").

If an objection, though a defense, were to not comprise an *affirmative* defense, then presumably it need not be properly plead as such — it need only meet the requirements set forth in Rules 8 and 9, if applicable.

Under Indiana law, an affirmative defense is "a defense upon which the proponent bears the burden of proof and which, in effect, admits the essential allegations of the complaint, but asserts additional matter barring relief."[2] *Cnty. of Lake v. Pahl*, 28 N.E.3d 1092, 1099 (Ind. Ct. App. 2015) (citing *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 653 (Ind. Ct. App. 2002)). Since Clarks Landing's objections appear in an answer to the complaint, however, any distinction between a "defense" and an "affirmative defense" under Ind. Trial Rule 8(c) for purposes of the analysis here is effectively inconsequential — so long as each defense independently fulfills any other applicable Rule 8 and Rule 9 requirements.

Unlike a plaintiff, who must "show[]" in the complaint that she is titled to relief, FED. R. CIV. P. 8(a)(1), Rule 8 only requires a defendants response to "state in short and plain terms" any defenses it has to the asserted claims. FED. R. CIV. P. 8(b)(1); *see also* FED. R. CIV. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively *state* any avoidance or affirmative defense . . . .") (emphasis

---

[2] In this sense, an "affirmative defense" under state law seems to overlap in part with its federal analog. The appropriate analysis for determining whether any defense constitutes an "affirmative defense" specifically enumerated in Federal Rule of Civil Procedure 8(c) "is not well settled, especially in diversity cases." *Winforge, Inc. v. Coachmen Indus.*, 691 F.3d 856, 872 (7th Cir. 2012) (quoting *Brunswick Leasing Corp. v. Wis. Cent., Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998)). Accordingly, the Seventh Circuit "has identified two approaches": "a defense is an affirmative defense (a) '*if the defendant bears the burden of proof*' under state law or (b) 'if it [does] not controvert the plaintiff's proof.'" *Id.* (emphasis added) (quoting *Brunswick Leasing Corp.*, 136 F.3d at 530).

added); *Aylin & Ramtin, LLC v. Bernhardt*, No. 19-cv-3402, 2022 WL 658786, at *2-*3 (N.D. Ill. Mar. 4, 2022) (discussing the difference between Rule 8(a), (b), and (c) requirements).

As it pertains to pleading any conditions precedent, Federal Rule of Civil Procedure 9(c) provides that "it suffices to allege generally that all conditions precedent have occurred or been performed" but requires a party "denying that a condition precedent has occurred or been performed" to "do so with particularity." FED. R. CIV. P. 9(c).

Eminent domain proceedings under Indiana law "are not civil actions but are actions of a special character based wholly upon the statute by which they are authorized." *Bender Enters., LLC v. Duke Energy, LLC*, 201 N.E.3d 206, 210 (Ind. Ct. App. 2022). The burden of proof is placed on the party objecting to the appropriation, in this case Clarks Landing, to establish that the taking is not necessary, *see Michael v. City of Bloomington*, 804 N.E.2d 1225, 1231 (Ind. Ct. App. 2004), and then, only on the grounds provided by the statutory scheme: (1) for lack of subject matter or personal jurisdiction; (2) for lack of authority to exercise the power of eminent domain for the use sought; or (3) "for any other reason disclosed in the complaint or set up in the objections." Ind. Code § 32-24-1-8(a).

With these principles in mind, the Court turns to the merits of the Motion to Strike.

**B.  First and Second Objections, paras. 19 & 20 (Failure to Sufficiently Allege Supporting Facts or Provide Proper Notice)**

The first objection is that the Town's complaint asserts "language ripped directly from the cited eminent domain statutes" but does not provide any support or "articulate the required facts necessary for a fact-finder to rule on the actual legality of the action." (Filing No. 20 at 8.) Clarks Landing cites Ind. Code § 32-24-1-8(c), which provides that the court "may not allow pleadings in the cause other than the complaint, any objections, and the written exceptions provided for [in the

second stage of an eminent domain action]", to further the contention that such support was needed to have been brought in the complaint.

The second objection is that the complaint fails to afford proper notice of the Town's claims to take "an approximately 40-acre parcel of real property containing 17 buildings totaling more than 1,000,000 square feet of built space" and "two parcels consisting of approximately 6 acres of real property, . . . one of which contains no structures" — given that it "baldly alleges that somewhere on at least one of these three properties" are structures that fit the elements of Ind. Code § 32-24-4.5-7. *Id.* Clarks Landing reasons this to be an "arbitrarily extensive and overbroad use" of eminent domain power, given that the complaint "fails to identify the subject structures or why it should be entitled to appropriate three parcels on this alleged basis." *Id.* at 8, 9.

The Town asserts its complaint complied with all that was necessary; that is, it complied with the requirements set forth by Ind. Code § 32-24-1-4, "including the name of the person seeking to acquire the subject real estate, appropriate defendants, intended use of the real estate and a statement that the Town was unable to agree with owner for the purchase of the subject real estate." (Filing No. 47 at 6 (citing Filing No. 1-3 at 5)). In response, Clarks Landing maintains that Ind. Code § 32-24-1-4 does not list "exclusive pleading requirements." (Filing No. 70 at 6 n.2.) Instead, it argues Ind. Code § 32-24-4.5-7 sets forth necessary preconditions to private condemnation actions for which this Court is tasked with determining as a trier of fact, and the formulaic recitation of the elements of the cause of action runs afoul of federal pleading standards.

With respect to these first two objections, Clarks Landing's pleading states in short and plain terms the defenses it has to the Town's asserted claim of condemnation: namely, that the complaint lifts statutory language without providing sufficient factual support and, in doing so, further fails to provide notice about which buildings are being used to establish necessary preconditions.  Each of

8

these defenses is based on matters "inferable from the pleadings." *Jader Fuel Co.*, 944 F.2d at 1400. In essence, Clarks Landing is pointing out that the Town has failed to provide sufficient factual matter which, accepted as true, states a claim to relief that is plausible on its face and, therefore, has failed to satisfy *Twombly* pleading standards. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court finds that Clarks Landing has fulfilled its duties under Rule 8(b). *See also* FED. R. CIV. P. 71.1(e)(2) ("A defendant that has an objection or defense to the taking must serve an answer", which "must . . . *state* all the defendant's objections and defenses to the taking." (emphasis added)). To the extent that the burden of proof of objecting is placed on Clarks Landing, *see Michael*, 804 N.E.2d at 1231, who in essence admits the allegations of the Town for the purpose of "assert[ing] [in the objection] additional matter barring relief", *Cnty. of Lake*, 28 N.E.3d at 1099, the Court finds these two objections are well-taken. They are legally adequate to withstand a challenge akin to one posed by a motion for failure to state a claim upon which relief can be granted. Fundamentally, "[s]ince the eminent domain statutes do not contemplate evidentiary proceedings beyond the filing of the complaint and objections in the first stage, clearly those pleadings *must articulate all the facts necessary* for the fact-finder to rule on the legality of the action before proceeding to the second stage." *Bender Enters., LLC*, 201 N.E.3d at 210. Accordingly, the Town's Motion to Strike Defendant Clarks Landing's Objections is **DENIED** as to the first and second objections.

C. **Third and Fourth Objections, paras. 21 & 22 (Failure to Present A Reasonable Offer or Negotiate in Good Faith)**

The third objection is that the Town presented Clarks Landing "with a take-it-or-leave-it offer to purchase the Property for $6,000,000.00 dated February 8, 2023," which was unreasonable given that the property owners "invested more than $30,000,000" in it since the time of purchase (Filing No. 20 at 9 (citing Filing No. 20-1 ¶ 21)). Clarks Landing points to a "roof repair and replacement

9

project, including a twenty-year warranty, concerning approximately 300,000 square feet of built space" that it alleges cost "more than $5,000,000.00." *Id.* (citing Filing No. 20-1 ¶ 22).  In response to the unreasonable offer, Clarks Landing "requested time to obtain its own independent appraisal," which the Town disregarded by filing the complaint approximately one month later.  *Id.*  The challenge seeks dismissal since the Town did not present a reasonable purchase offer or negotiate in good faith.  *See id.* (quoting *Wampler v. Trustees of Ind. Univ.*, 172 N.E.2d 67, 71 (Ind. 1961) (citing Ind. Code § 32-24-1-3©; *Wagler v. W. Boggs Sewer Dist., Inc.*, 898 N.E.2d 815, 819 (Ind. 2008) (citing Ind. Code § 32-24-1-5)).

The fourth objection Is that the Town "failed to include relocation costs required by [Ind. Code § 32-24-4.5-8(a)(3)]."  *Id.* at 10.  Clarks Landing argues the Town's deduction for demolition costs for "13 of the 17 buildings" caused its offer to fall short of the market value found in the appraisal, which Clarks Landing asserts stood "at over $14,000,000".  *Id.* at 10 & n.4

The Town contends that Federal Rule of Civil Procedure 71.1 governs this case, and without citation to caselaw, asserts that Rule 71.1 "does not generally require that the plaintiff in an eminent domain case make either a good faith effort or offer to purchase prior to initiating an eminent domain action."  (Filing No. 47 at 7.)  Alternatively, the Town maintains its "pre-condemnation offer was based on the fair market value of the subject real estate being acquired, as determined by an independent appraisal".  *Id.* at 8.  It asserts "the law does not require that offers and counteroffers be made to satisfy the requirement for a good offer or effort to purchase."  *Id.* (citing in support *Murray v. Richmond*, 276 N.E2d 519, 522 (Ind. 1971)).  Because the amount of just compensation has yet to be determined "any additional damages not included in the pre-condemnation appraisal may be addressed at the damages stage of these proceedings."  *Id.* at 9.  The Town considers irrelevant Clarks Landing's request to obtain its own appraisal and its alleged investment in the realty; such allegations

10


"impose requirements that do not exist under the law." *Id.* at 10.  The Town argues the allegations contained in the objections "do not rise to the level of 'bad faith'" but merely express "dissatisfaction with the amount" offered.  *Id.*

In response, Clarks Landing maintains that Ind. Code §§ 32-24-1-3 and -5 impose "substantive condition precedents" to the Town's exercise of its eminent domain power, not merely procedural rules (Filing No. 70 at 9).  Substantive rights, controlled by state law, dictate that the Town "make a good faith effort and/or effort to purchase . . . prior to filing its state court complaint", which the Town "may not now skirt . . . by alleging that the conditions no longer apply following removal." *Id.*

Like the previously discussed challenges, the third and fourth objections state in short and plain terms the defenses Clarks Landing has to the Town's asserted claim: namely, in attempting to exercise the power of eminent domain, the Town did not comply with the substantive requirement to "negotiate in 'good faith'" (Filing No. 20 at 8 (quoting *Wagler*, 898 N.E.2d at 819 (citing Ind. Code § 32-24-1-5)); *see also* Ind. Code § 32-24-1-3 ("The effort to purchase . . . must include . . . [c]onducting good faith negotiations . . . .")).  The objections further state that the Town's offer deducted certain demolition costs and omitted relocation costs, undermining its attempts at "good faith" negotiation.  To further summarize these already clear defenses: Clarks Landing challenges the complaint's recitation of the Town's fulfillment of its Ind. Code § 32-24-1 requirements and, in support, avers legal and factual allegations to contradict the "good faith" nature of the submitted offer.  These defenses reasonably, if not squarely, fit under the grounds permitted by Ind. Code § 32-24-1-8(a)(3) for objecting to "any other reason disclosed in the complaint or set up in the objections." *See also Meyer v. City of Rushville*, 175 N.E.3d 359 (Ind. Ct. App.) ("Subsection (a) of [Ind. Code § 32-24-1-8] is expansive . . . ."), *amended on other grounds on reh'g sub nom. Meyer as Tr. Of Lila*

*Ruth Meyer Revocable Tr. Dated Mar. 27, 2017 v. City of Rushville*, 178 N.E.3d 820 (Ind. Ct. App. 2021).

The Court cannot say that the objections as pled fail to comply with any other Rule 8 and Rule 9 requirements. Clarks Landing denies with particularity that the Town satisfied (performed with good faith) the condition precedent of "mak[ing] an offer to purchase the property", Ind. Code § 32-24-1-5(a), prior to filing its complaint in condemnation. It provides certain particulars — *e.g.*, an incurred roof repair and replacement project allegedly costing more than five million dollars, investment in excess of thirty million dollars — that undercut the Town's implied representation that its eventually tendered (six million dollars) offer was reasonable. As it pertains to the condition precedent of "[c]onducting good faith negotiations", Ind. Code § 32-24-1-3(c)(3), Clarks Landing provides other specifics — *e.g.*, the Town's disregard of its request to make an independent appraisal by filing its complaint one month later — that satisfy Rule 9. The Answer contains a myriad of background facts that immediately precede the first objection and undergird the specific details of the undertaken investment on which the challenges themselves rest (*see* Filing No. 20 at 4–7 (detailing, *inter alia*, the approved proposal for mixed-use development at the property and subsequent steps taken in its furtherance)).

Considering of the detailed factual averments, the Court does find that the defense is legally inadequate or that Clarks Landing would fail to prove any set of facts that would defeat the complaint. After all, under state substantive law, the burden remains on the Town to, "upon objection, [] show a good faith effort to purchase and an inability to agree." *Unger v. Ind. & Mich. Elec. Co.*, 420 N.E.2d 1250, 1258 n.13 (Ind. Ct. App. 1981) (citing *Dahl v. N. Ind. Pub. Serv. Co.*, 157 N.E.2d 194 (Ind. 1959)). Objections such as these, which challenge the satisfaction of necessary

preconditions, cannot be considered unnecessary clutter and are not truly prejudicial to the party seeking to exercise a condemnation right.

Lastly, the Court agrees that Rule 71.1 "provides the procedural rules that govern federal condemnation actions", *Atl. Coast Pipeline, Inc. v. 1.51 Acres of Land*, No. 5:18-cv-127, 2021 WL 535469, at *2 (E.D.N.C. Feb. 12, 2021), in effect "supplant[ing] all statutes prescribing a different procedure," FED. R. CIV. P. 71.1, Advisory Committee Note to Subdivision (a) (1951) (discussing predecessor rule, Rule 71A). However, the Court does not agree that Rule 71.1 dictates striking the third and fourth objections. Rule 71.1 does not supplant or conflict with the conditional requirements mandated by Ind. Code §§ 32-24-1-3 and -5 that affect the substantive rights of litigants seeking to exercise condemnation power. Substantive condemnation rights under state law are given effect. *See, e.g.*, FED. R. CIV. P. 71.1, Advisory Committee Note to Subdivision (k) ("Any condition affecting the substantial right of a litigant attached by state law is to be observed and enforced, such as making a deposit in court where the power of eminent domain is conditioned upon so doing."). Accordingly, Clarksville's Motion to Strike Defendant Clarks Landing's Objections is **denied** as to the third and fourth objections.

### IV.   CONCLUSION

For the reasons explained above, the Town of Clarksville's Motion to Strike Defendant Clarks Landing's Objections (Filing No. 46) is **DENIED** and the Motion to Strike Defendant Colgate-Palmolive's Objections (Filing No. 48) is **DENIED AS MOOT**

**SO ORDERED**.

Date:   02/01/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

13

DISTRIBUTION:

Justin E. Endres
YOUNG LIND ENDRES & KRAFT
jendres@ylek.com

Christopher A. Ferguson
Adam Redmon
Yasmin L. Stump
YASMIN L. STUMP LAW GROUP, PC
chris@yasminstumplaw.com
adam@yasminstumplaw.com
yasmin@yasminstumplaw.com

Charles Gregory Fifer
APPLEGATE FIFER PULLIAM LLC
greg@riverridgecc.com

Megan Patricia Keane
GORDON REES SCULLY MANSUKHANI LLP
mkeane@grsm.com

Ronald Scott Lewis
Clark County Government
slewis@clarkcounty.in.gov

Carolyn Purcell Michener
Thomas Morgan Ward, Jr.
Chelsea R. Stanley
STITES & HARBISON
cmichener@stites.com
mward@stites.com
cstanley@stites.com